# EXHIBIT 2

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

ANTHONY REBMANN
2062 Smithcrest Drive
Gowanda, New York 14070

    Plaintiff,

vs.

ASTEC, INC. d/b/a ASTEC OF TENNESSEE
4101 Jerome Avenue
Chattanooga, Tennessee 37407

ASTEC INDUSTRIES, INC.
1725 Shepherd Road
Chattanooga, Tennessee 37421

    Defendants.

---

Index No.

Plaintiff designates Erie
County as the place of trial

The basis of venue is
plaintiff's residence

**SUMMONS**

Plaintiff resides in
Gowanda, New York

County of Erie

TO THE ABOVE NAMED DEFENDANTS:

  **YOU ARE HEREBY SUMMONED**, to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiff's attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED: Buffalo, New York
    March 26, 2021

            LIPSITZ GREEN SCIME CAMBRIA LLP

            By: _____
               JAMES T. SCIME, ESQ.
            Attorneys for Plaintiff
            Office and P.O. Address
            42 Delaware Avenue, Suite 120
            Buffalo, New York 14202
            (716) 849-1333
            [JTS: #68482.0001]

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF ERIE

ANTHONY REBMANN,

        Plaintiff,

vs.

ASTEC, INC. d/b/a ASTEC OF TENNESSEE and
ASTEC INDUSTRIES, INC.,

        Defendants.

**COMPLAINT**

Index No.

Plaintiff, ANTHONY REBMANN, by his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for his Complaint against the defendants, ASTEC, INC. d/b/a ASTEC OF TENNESSEE and ASTEC INDUSTRIES, INC., alleges:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, ANTHONY REBMANN, ALLEGES:

1. The plaintiff, ANTHONY REBMANN, at all times hereinafter mentioned, was and still is a resident of the Town of Collins located within the County of Erie and the State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the defendant ASTEC, INC., was and still is a foreign corporation authorized to do business within the State of New York, and is doing business under the name of ASTEC OF TENNESSEE (hereinafter collectively referred to as "ASTEC").

3. Upon information and belief, at all times hereinafter mentioned, the defendant, ASTEC, was and still is doing and transacting business within the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, the defendant, ASTEC INDUSTRIES, INC. (hereinafter referred to as "ASTEC INDUSTRIES"), was and still is a foreign corporation not authorized to do business within the State of New York; jurisdiction over the defendant is asserted under New York Civil Practice Law and Rules §302.

5. On or about the 19th day of March, 2020, the plaintiff, ANTHONY REBMANN, was employed with Gernatt Asphalt Products as an asphalt plant supervisor, located at 13870 Taylor Hollow Road in the Town of Collins, County of Erie and the State of New York, and while in the course of his employment, was using and/or servicing a baghouse screw conveyer when he was caused to become entangled therewith sustaining serious injuries.

6. Upon information and belief, at all times hereinafter mentioned, the defendants, ASTEC and/or ASTEC INDUSTRIES, by their agents, servants and/or employees, designed, manufactured, assembled and/or placed on the market the said baghouse screw conveyor.

7. Upon information and belief, the aforesaid incident and resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the defendants, ASTEC and/or ASTEC INDUSTRIES, by their agents, servants and/or employees, in the maintenance,

design, manufacture and/or assembly of the aforesaid baghouse screw conveyor.

8. As a result of the alleged incident, the plaintiff, ANTHONY REBMANN, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital, bed and home; was caused to and did incur great medical expense, and may incur further medical expense; was caused to be incapacitated from his usual activities and employment, and may be further incapacitated.

9. This action falls within one or more of the exceptions set forth in CPLR §1602.

10. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, ANTHONY REBMANN, ALLEGES:

11. Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" of this Complaint with the same force and effect as if fully set forth at length.

12. Upon information and belief, the defendants, ASTEC and ASTEC INDUSTRIES, by their agents, servants and/or employees, designed, manufactured, assembled and/or placed on the market the aforesaid baghouse screw conveyor.

13. Upon information and belief, the aforesaid baghouse screw conveyor was defectively designed, manufactured, and/or assembled and was in a defective and hazardous condition when the defendants, ASTEC and/or ASTEC INDUSTRIES, placed the baghouse screw conveyor on the market.

14. The incident hereinbefore described and the resultant injuries were caused as a result of the defective and hazardous conditions of the said baghouse screw conveyor, and the plaintiff claims damages against the defendants, ASTEC and ASTEC INDUSTRIES, under the doctrine of strict products liability.

15. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants, ASTEC, INC. d/b/a ASTEC OF TENNESSEE and ASTEC INDUSTRIES, INC., either jointly or severally, in the First and Second Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:  Buffalo, New York
        March 26, 2021

                    LIPSITZ GREEN SCIME CAMBRIA LLP

                    By: _____
                         JAMES T. SCIME, ESQ.
                    Attorneys for Plaintiff
                    Office and P.O. Address
                    42 Delaware Avenue, Suite 120
                    Buffalo, New York 14202
                    (716) 849-1333
                    [JTS: #684782.0001]